United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVIN CARLISLE, | No. C 05-4370 MMC |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S REQUEST FOR REINSTATEMENT** |
| v. | |
| DONALD RUMSFELD, | |
| Defendant / | |

    By order filed April 13, 2006, the Court ordered plaintiff to serve defendant with the summons and complaint no later than July 31, 2006, and to file proof of such service with the Clerk of the Court no later than August 4, 2006. The Court cautioned plaintiff that if he failed to timely serve defendant or timely file proof of service, the action would be dismissed without prejudice, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. Because plaintiff failed to file proof of service by August 4, 2006, the Court, by order filed August 11, 2006, dismissed the above-titled action without prejudice pursuant to Rule 4(m), and, on August 14, 2006, the Clerk entered judgment thereon.

    Now before the Court is plaintiff's Request for Reinstatement ("Request"), filed September 15, 2006, asserting plaintiff timely served defendant and purporting to attach proof of such service. Because judgment has been entered, the Court construes the Request as a motion to set aside the judgment, pursuant to Rule 60(b).

"On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment . . . for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b).

Plaintiff's Request fails to identify any facts that even arguably implicate any of the above-referenced grounds. In any event, the documents attached thereto are insufficient to demonstrate plaintiff served defendant with the summons and complaint in accordance with Rule 4(i) at any time, let alone by the deadline of July 31, 2006.

Accordingly, plaintiff's Request for Reinstatement, construed as a motion to set aside the judgment, is hereby DENIED.

**IT IS SO ORDERED.**

Dated: September 26, 2006

_____
MAXINE M. CHESNEY
United States District Judge